UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PICAYUNE RANCHERIA OF CHUKCHANSI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RABOBANK, et al.<br><br>　　　　　Defendants. | No. 13-cv-609-LJO-MJS<br><br>**FINDINGS AND RECOMMENDATIONS GRANTING MOTION TO INTERVENE**<br><br>**ECF No. 8**<br><br>**OBJECTIONS DUE WITHIN FIFTEEN DAYS** |

## I.　BACKGROUND

This action was initiated in the name of the Picayune Rancheria of Chukchansi Indians (the "Tribe"), a federally recognized Indian Tribe. (Compl., ECF No. 1 at ¶ 1.) The Tribe, through its business arm, the Chukchansi Economic Development Authority ("CEDA"), operates a casino and resort. (Compl. at ¶ 23.) The Tribe and CEDA have contractual arrangements with Defendant Rabobank under which the former entities deposit with Defendant Rabobank all revenues generated by the casino and resort and, in return, Defendant Rabobank manages and disburses those revenues in accordance

with the parties' agreements (the specific terms of which are not relevant to resolution of this motion). (Id. at ¶¶ 11, 14.) The funds so deposited constitute the primary source of revenue for the Tribe and the means by which it pays expenses, services debt, and supports the Tribe's activities. (Id. at ¶¶ 11-14.) According to the proposed intervenor, the arrangement produces about one million dollars of revenue for the Tribe each month. (Mem. of P. and A. ("Ps & As"), ECF No. 9 at 21.)

There has arisen a dispute between at least two groups, or factions, within the Tribe as to which legitimately controls the tribal government and its related entities, activities, and revenues. The faction that initiated this litigation, the "Ayala Faction," is opposed by the "Lewis Faction," purportedly led by the individually named Defendants in this case. (Compl. at ¶¶ 15-17.) The Ayala Faction claims control of the governing body of the Tribe (its "Tribal Counsel") as the result of actions taken on or about February 21, 2013, which actions, the Lewis Faction asserts, were unauthorized under Tribal law and which were designed to reduce the members of the Tribe from some 900 members represented by the Lewis Faction to 46 blood relatives of Ayala Faction members. (Ps & As at 12.) The competing factions have made conflicting representations to Defendant Rabobank as to who is authorized to represent the Tribe and CEDA in dealing with the bank and who is authorized to withdraw and use funds from the bank. (Compl. at ¶¶ 19-20.)

In the course of these disputes, the Ayala Faction's new Tribal Council undertook to convene a Picayune Rancheria Tribal Court and obtain injunctive relief directing Defendant Rabobank to comply with the Ayala Faction's Tribal Court orders with regard to management, control, and disbursement of the deposited funds. (Id. at ¶¶ 25, 29-33.) Defendant Rabobank has refused to recognize the authority of the Ayala Faction Tribal

Council or comply with the Ayala Faction's demands or Tribal Court's orders, because it continues to recognize the validity and authority of the Lewis Faction and has, notwithstanding Ayala Faction protests, permitted the Lewis Faction to withdraw funds from the Tribe's Rabobank account.  (Id. at ¶¶ 20-22, 38-39.)

On the surface, the primary objectives of this Complaint are to obtain this Court's assistance compelling Defendant Rabobank to comply with Ayala Faction Tribal Court orders.  However, the Lewis Faction (also undertaking to act in the name of the Picayune Rancheria of the Chukchansi Indians) has now filed this motion to intervene as a specially-appearing defendant as a matter of right, or permissively, on the grounds that "significant, protectable interests central to the Tribe, its government, and its business are at issue in this case, and none of the existing parties can adequately represent the interests of the Tribe."  (Mot. to Intervene, ECF 8 at 2.)  Its moving papers allege that the Ayala Faction improperly and without authority, filed the Complaint in the Tribe's name seeking therein to compel "recognition, comity and enforcement of purported decisions made by an unauthorized, illegally formed tribal court established by [the Ayala Faction] . . . in an attempt to justify actions that violated Tribal law . . . ."  (Ps & As at 1.)  The Lewis Faction seeks to intervene "through the Tribe's duly elected and installed Tribal Council, to protect the interests of the Tribe and its membership."  (Id.)  Papers filed in connection with the motion, particularly when read with the allegations of the Complaint, reflect the history of dispute and maneuverings in which the two factions invoke Tribal law and procedures to try to gain or maintain control and management of the Tribe, its business, and its revenues.[1]

---

[1] Plaintiff, in its opposition to the motion to intervene, objects broadly to admissibility of the documents attached in support of the motion to intervene and to attorney Geoffrey M. Hash's declaration submitted in support of the motion purporting to authenticate the documents.  (Pl.'s Opp'n, ECF No. 13 at 5, 17-21.)

## II. PROCEDURAL STATUS

As noted, the Complaint was filed in this action on April 25, 2013. The motion to intervene was filed within two weeks thereafter. Plaintiff filed opposition on May 24, 2013 (Pl.'s Opp'n, ECF No. 13), and the moving party filed a reply on May 31, 2013 (Intervenor Def.'s Reply, ECF No. 15.)

The motion to intervene was referred to the undersigned Magistrate Judge for hearing, if appropriate, and for submission of Findings and a Recommendations to the District Judge pursuant to 28 U.S.C. § 636. (ECF No. 12.) On review the undersigned found the motion suitable for decision on the papers submitted and without oral argument (Local Rule 230(g)), and so vacated the hearing and deemed the matter submitted.

## III. APPLICABLE LAW

Intervention is governed by Fed. R. Civ. P. 24. The Rule is broadly construed in favor of intervention to prevent or simplify future litigation on related matters. United States v. City of Los Angeles, 288 F.3d 391, 397-398 (9th Cir. 2002) (citations omitted). It is determined primarily on "practical and equitable considerations." Id. (citing Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)).

As applicable here, a party is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a) if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical

---

Plaintiff objects on the grounds that Hash lacks personal knowledge to authenticate and his declaration and attached documents constitute inadmissible hearsay. (Id.) In evaluating a motion to intervene the Court is to accept as true all non-conclusory allegations in the motion and proposed pleading. Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 819 (9th Cir. 2001). Regardless, the Court considers the objected-to material only to the extent it reflects the existence, nature, and history of the dispute between the two factions, and not otherwise nor for the truth of the claims made therein.

matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Id. The Court shall permit intervention if four elements are met: First, the application must be timely. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). Second, the movant must have a significant protectable interest regarding the transaction that is the subject of the suit. Id. Next the movant must be situated so that, from a practical standpoint, disposition of the action might impair or impede his ability to protect that interest. Id. Fourth and last, the moving party's interest must be inadequately represented by the parties before the Court. Id.

Even if a party does not have a *right* to intervene, the Court may in its discretion allow permissive intervention when the party "has a claim or defense that shares with the main action a common question of law or fact" and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b); see City of Los Angeles, 288 F.3d at 403.

**IV. ANALYSIS**

For the reasons discussed below, the Court finds that moving party, the Lewis Faction,[2] meets all criteria justifying its intervention as of right. Even if it did not, permissive intervention would be appropriate.

**A. Intervention as of right**

The Court will address each of the four criteria applicable to intervention as of right under Fed. R. Civ. P. 24(a) in order below (but will combine in one section its

---

[2] Since the undersigned recommends that the Lewis Faction be permitted to intervene and both Plaintiff and the Lewis Faction identify themselves as "The Picayune Rancheria of Chukchansi Indians", henceforth Plaintiff may be referred to, and shall refer to itself, as "The Ayala Faction" and Intervener may be referred to, and shall refer to itself, as "The Lewis Faction" in further proceedings before this Court.

analysis of the second and third criteria).

1. Timeliness

The timeliness issue is to be resolved by consideration of the stage of the proceedings at which intervention is sought, the reason for delay, if any, in moving to intervene, and the prejudice, if any, to other parties in allowing intervention. League of Latin Am. Citizens, 131 F.3d at 1302.

All of these factors weigh in favor of the intervenor, the Lewis Faction. The motion to intervene was filed within two weeks of the Complaint having been filed. There was no delay; it would have been impractical to have filed much sooner. No one has been prejudiced by the timing of the motion.

The Ayala Faction candidly acknowledges as much.

2. Significant Protectable Interest Potentially Impaired

A party is considered to have a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation. California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006). The case must be such that its resolution will have an *actual* effect on the intervenor. Arakaki v Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003).

The Court finds that the Lewis Faction does have a significant protectable interest in the subject matter of this suit and that that interest may be impaired by the outcome of the suit.

It is clear from the Complaint and papers filed in connection with the motion to intervene that the two factions are engaged in a battle over control of the Tribe, its government, its management, its business, and its millions of dollars of net revenues

remaining after Defendant Rabobank's payment of debt and expenses. The Lewis Faction argues that the Ayala Faction seeks through orders issued by its Tribal Court and otherwise to modify the terms of existing agreements between the Tribe and Defendant Rabobank in a way that would enable the Ayala Faction to take control of the Tribe's funds and apply them as it sees fit and contrary to the way the Tribe has conducted its affairs with Defendant Rabobank since at least May 2012.  (Ps&As at 2; Hash Decl., ECF No. 10 at Ex. D, E.)  Defendant Rabobank reportedly has determined for its purposes that the Ayala Faction has no right, power, or authority to so act.  The Ayala Faction seeks in this action to prove the bank wrong.  It undertakes to do so in a way that, if it succeeds, will deprive the Lewis Faction of access to and control of the Tribe's revenues and, according to the claims of the Lewis Faction, effectively deprive all but 46 of the 900 or so existing Tribal members of the benefits of Tribal earnings. The Lewis Faction claims that Ayala Faction acts breach Tribal agreements with Tribal creditors and Defendant Rabobank and jeopardize relations with them and ongoing Tribal enterprise.  The Lewis Faction's moving papers (and Defendant Rabobank's responses to the Ayala Faction's actions) raise substantial questions about the validity of tactics used by the Ayala Faction to assert control of the Tribe, justify its actions, and even initiate this litigation.

The parties seem to agree that this Court will not resolve who legitimately governs and speaks for the Tribe, and the Court expressly does not undertake to do so here. However, Plaintiff, the Ayala Faction, has invoked this Court's jurisdiction for the purpose of enforcing purported Tribal Court orders as against Defendant Rabobank.  Clearly the Court's determination on the issues presented, including its determination as to whether this case is properly before it, has the potential to impact the rights of the Lewis Faction

(and the some 900 members it purports to represent) and their right, if any, to access the Tribe's substantial revenue stream, fund Tribe projects for the benefit of its members, and maintain good relations with its creditors and Defendant Rabobank as necessary to successful continued operation of the Tribe's profitable businesses. In short, the papers before the Court establish that the Lewis Faction has a significant protectable interest in the subject matter of the litigation and that its ability to protect that interest may be substantially impaired in the litigation.

### 3. Inadequate Representation by Existing Parties

The fourth and final qualifying criterion for intervention as of right is a finding that existing parties may not adequately represent the substantial interests of the proposed intervenor. The showing required is minimal; It is sufficient if the moving party shows that its interests "may be" inadequately represented. Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, fn. 10 (1972) (citations omitted); Arakaki, 324 F.3d at 1086.

The Court finds this criterion also is satisfied.

Clearly, the positions of the Ayala and Lewis Factions are so diametrically opposed that no one can suggest the former could represent the latter's interests.

Defendant Rabobank's position in this dispute appears to be aligned with that of the Lewis Faction, but it is not co-extensive with it. As the moving papers suggest, Defendant Rabobank likely is interested in fulfilling its contractual obligations and maintaining its business arrangement with the Tribe. Apparently, it accepts the authority of the Lewis Faction and its Tribal Counsel and supports the Lewis Faction position. However, it is unlikely to have the same interest in the sovereignty issues underlying the dispute, the same motivation or desire to commit time and funds necessary to seek final resolution of disputes underlying this case, or the depth of knowledge of the facts,

history, and Tribal law that ultimately may come to bear on the issues presented.

Plaintiff argues that the individually-named Defendants, Reggie Lewis, Carl Bushman, and Chance Lewis, are in fact the leaders of the Lewis Faction on the Tribal Counsel and can adequately represent Lewis Faction interests in this case. Again, the Court recognizes that the interests of these individual Defendants likely are parallel to those of the proposed intervenor. But though the three individuals may lead the intervenor faction, the intervenor is characterized as the entire Tribe and its some 900 members. It is not appropriate to expect these three individuals to carry the entire litigation burden for the whole tribe. Arguably, they lack standing to assert claims on behalf of the Tribe. See, e.g., Canadian St. Regis Band of Mohawk Indians v. State of NY, 573 F. Supp. 1530, 1537 (N.D.N.Y. 1983).

### B. Permissive Joinder

Permissive joinder is available in the Court's discretion to anyone who timely seeks it and presents a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b). The "common question" issue is to be liberally construed. Stallworth v. Monsanto Co., 558 F.2d 257, 269 (5th Cir. 1977).

The above-described factors justifying intervention as of right similarly justify permissive joinder. The issues raised by the motion to intervene, which was timely filed, are those that will be addressed in the main action. Thus, permissive joinder would be appropriate here even if intervenor did not qualify for intervention as of right. Moreover, the Court believes it, the parties, and resolution of the issues presented will benefit from the input and perspective of the Lewis Faction. The Court does not envision any way in which the search for the proper resolution in this case or the rights of any party will be prejudiced if intervention is allowed.

### C. Conditions on Intervention.

A court may, in its discretion, impose conditions on intervention. Fed. R. Civ. P. 24, Advisory Committee notes to the 1966 Amendment ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.") Indeed, courts may impose reasonable limitations on the participation of intervenors to ensure the efficient adjudication of the litigation. See U.S. v. Duke Energy Corp., 171 F. Supp. 2d 560, 565 (M.D.N.C. 2001) (citing Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may ... be placed on an intervenor of right and on an original party."); United States v. South Florida Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir.1991) (finding intervention of right but remanding to the district court "to condition ... intervention in this case on such terms as will be consistent with the fair, prompt conduct of this litigation")). Here, it is recommended that intervention be conditioned upon the requirement that proposed intervenor coordinate in detail with the existing parties to avoid duplicative briefing wherever possible.

### V.   CONCLUSION

For the reasons set forth above, the undersigned finds that the proposed intervenor, the Lewis Faction of the Picayune Rancheria of Chukchansi Indians, meets the criteria for intervention as a matter of right and also for permissive intervention under Fed. R. Civ. P. 24(a) and (b), respectively,  and therefor recommends that the motion to intervene as a Defendant in this action be granted and that intervenor, the Lewis Faction, be given fifteen days from adoption of these Findings and Recommendations to file its responsive pleading to the Complaint on file herein.

These Findings and Recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir 1991)..

IT IS SO ORDERED.

Dated:   June 11, 2013                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE